UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**Electronically filed**

| | | |
|---|---|---|
| Matthew Carneyhan | : | |
| | : | Case No.: 5:19-cv-29-TBR |
| and | : | |
| | : | Senior Judge: Thomas B. Russell |
| William and Mindullian Carneyhan | : | |
| | : | |
| PLAINTIFFS | : | |
| | : | |
| V. | : | |
| | : | |
| TRIGG COUNTY PUBLIC SCHOOLS | : | |
| And | : | |
| TRAVIS HAMBY, Superintendent, | : | |
| Trigg County Public Schools, in his | : | |
| individual and official capacity, | : | |
| JAMES MANGELS, Director | : | |
| Pupil Personnel, | : | |
| Trigg County Public Schools, in his | : | |
| individual and official capacity, | : | |
| SHANNON BURCHAM, Principal, | : | |
| Trigg County High School, in his | : | |
| individual and official capacity, | : | |
| ERIN EAGLESON, Assistant Principal, | : | |
| Trigg County High School, in his | : | |
| individual and official capacity, | : | |
| MATT LADD, Athletic Director, | : | |
| Trigg County Public Schools, in his | : | |
| individual and Official capacity, | : | |

JAKE WALLACE, Teacher, :
Trigg County High School, in his :
individual and official capacity, :
MANDY BYRD, Director :
Special Education, :
Trigg County Public Schools, in her :
official capacity, and :
GAYLE RUFLIE, JOALYCE HARPER, :
TERESA ALLEN, LAVERN BAKER, :
AND SHARON SIMMONS, :
Trigg County School Board Members, :
in their official capacities, :
:
DEFENDANTS :

**CIVIL COMPLAINT**

Come now the Plaintiffs, by and through counsel, and hereby bring this civil action against the above named Defendants. The Plaintiff Matthew Carneyhan is a person with a disability who was arbitrarily expelled from the Defendant Trigg County Public School District in bad faith, without sufficient grounds and with deliberate indifference, was denied proper due process and other substantive and procedural rights and protections afforded to him under federal and state law. The Plaintiffs seek damages and costs as a result of the harm caused to him and his parents, William and Mindullian Carneyhan, by the Defendants herein.

**PLAINTIFF**

1) That Plaintiff Matthew Carneyhan is an eighteen (18) year old male with a disability, as defined by 42 U.S.C. § 12102 and § 12131 who resides within the Trigg County School District. He had been a resident of the

Commonwealth of Kentucky for his entire life. He attended school within the Trigg County School District until his expulsion by the Defendants Trigg County School Board Members on February 21, 2018.

2) That Plaintiff William Carneyhan is the father of Plaintiff Matthew Carneyhan and resides within the Trigg County Public School District. He has resided in the Commonwealth of Kentucky for his entire life.

3) That Plaintiff Mindullian Carneyhan is the mother of Plaintiff Matthew Carneyhan and resides within the Trigg County Public School District. She has resided in the Commonwealth of Kentucky for her entire life.

**DEFENDANTS**

4) Defendant Trigg County Public School District is a public entity as defined by 42 U.S.C. § 12131.

5) Defendant Travis Hamby is a "person" for purposes of 42 U.S.C. § 1983. He is the Superintendent of the Trigg County School District, and as such is responsible to see that the laws relating to the schools, the by-laws, rules and regulations of the State Board of Elementary and Secondary Education, and the regulations and policies of the District Board of Education are carried into effect pursuant to KRS 160.370. He participated in the investigation and expulsion proceeding against the Plaintiff. He was responsible for ensuring that the Plaintiff Matthew Carneyhan was afforded a free appropriate public education and free from discrimination. He was also responsible for ensuring that Plaintiffs William and Mindullian Carneyhan were afforded their

procedural protections as parents of a disabled student. He is sued in his official and individual capacities.

6) Defendant James Mangels is a "person" for purposes of 42 U.S.C. § 1983. He is the Director of Pupil Personnel for the Trigg County School District, and as such is responsible to enforce the laws relating to attendance pursuant to KRS 159.140 and consistent with the policies and procedures of the Board of Education. He participated in the investigation and expulsion proceeding against the Plaintiff. He is sued in his official and individual capacities.

7) Defendant Shannon Burcham is a "person" for purposes of 42 U.S.C. § 1983. He is the Principal of Trigg County High School and as such is responsible for the operation of that school in accordance with the laws of the Commonwealth, and consistent with the policies and procedures of the Board of Education. He participated in the investigation and expulsion proceeding against the Plaintiff. He was responsible for ensuring that the Plaintiff Matthew Carneyhan was afforded a free appropriate public education and free from discrimination. He was also responsible for ensuring that Plaintiffs William and Mindullian Carneyhan were afforded their procedural protections as parents of a disabled student. He is sued in his official and individual capacities.

8) Defendant Erin Eagleson is a "person" for purposes of 42 U.S.C. § 1983. He is the Assistant Principal of Trigg County High School and as such is responsible for the operation of that school in accordance with the laws of the Commonwealth, and consistent with the policies and procedures of the Board

of Education. He participated in the investigation and expulsion proceeding against the Plaintiff. He was responsible for ensuring that the Plaintiff Matthew Carneyhan was afforded a free appropriate public education and free from discrimination. He was also responsible for ensuring that Plaintiffs William and Mindullian Carneyhan were afforded their procedural protections as parents of a disabled student. He is sued in his official and individual capacities.

9) Defendant Matt Ladd is a "person" for purposes of 42 U.S.C. § 1983. He is the Athletic Director for the Trigg County School District. He participated in the investigation and expulsion proceeding against the Plaintiff. He is sued in his official and individual capacities.

10) Defendant Jake Wallace is a "person" for purposes of 42 U.S.C. § 1983. He is a teacher in the Trigg County High School. He participated in the investigation and expulsion proceeding against the Plaintiff. He is sued in his official and individual capacities.

11) Defendant Mandy Byrd is a "person" for purposes of 42 U.S.C. § 1983. She is the Director of Special Education for the Trigg County School District. As the Director of Special Education, she is responsible to ensure that statutory procedural safeguards are afforded to all students suspected of having a disability. She is sued in her official capacity.

12) Defendant Gayle Ruflie is a "person" for purposes of 42 U.S.C. § 1983. She is a school board member of the Trigg County Board of Education responsible pursuant to KRS 160.290 for the promotion of educational services consistent

with state laws and administrative regulations. She participated in the expulsion proceeding against the Plaintiff. She was responsible for ensuring that the Plaintiff Matthew Carneyhan was afforded a free appropriate public education and free from discrimination. She was also responsible for ensuring that Plaintiffs William and Mindullian Carneyhan were afforded their procedural protections as parents of a disabled student. She is sued in her official capacity.

13) Defendant JoAlyce Harper is a "person" for purposes of 42 U.S.C. § 1983. She is a school board member of the Trigg County Board of Education responsible pursuant to KRS 160.290 for the promotion of educational services consistent with state laws and administrative regulations. She participated in the expulsion proceeding against the Plaintiff. She was responsible for ensuring that the Plaintiff Matthew Carneyhan was afforded a free appropriate public education and free from discrimination. She was also responsible for ensuring that Plaintiffs William and Mindullian Carneyhan were afforded their procedural protections as parents of a disabled student. She is sued in her official capacity.

14) Defendant Teresa Allen is a "person" for purposes of 42 U.S.C. § 1983. She is a school board member of the Trigg County Board of Education responsible pursuant to KRS 160.290 for the promotion of educational services consistent with state laws and administrative regulations. She participated in the expulsion proceeding against the Plaintiff. She was responsible for ensuring that the Plaintiff Matthew Carneyhan was afforded a free appropriate public

education and free from discrimination. She was also responsible for ensuring that Plaintiffs William and Mindullian Carneyhan were afforded their procedural protections as parents of a disabled student. She is sued in her official capacity.

15) Defendant Laverne Baker is a "person" for purposes of 42 U.S.C. § 1983. She is a school board member of the Trigg County Board of Education responsible pursuant to KRS 160.290 for the promotion of educational services consistent with state laws and administrative regulations. She participated in the expulsion proceeding against the Plaintiff. She was responsible for ensuring that the Plaintiff Matthew Carneyhan was afforded a free appropriate public education and free from discrimination. She was also responsible for ensuring that Plaintiffs William and Mindullian Carneyhan were afforded their procedural protections as parents of a disabled student. She is sued in her official capacity.

16) Defendant Sharon Simmons is a "person" for purposes of 42 U.S.C. § 1983. She is a school board member of the Trigg County Board of Education responsible pursuant to KRS 160.290 for the promotion of educational services consistent with state laws and administrative regulations. She participated in the expulsion proceeding against the Plaintiff. She was responsible for ensuring that the Plaintiff Matthew Carneyhan was afforded a free appropriate public education and free from discrimination. She was also responsible for ensuring that Plaintiffs William and Mindullian Carneyhan were afforded their procedural protections as parents of a disabled student.

She is sued in her official capacity.

## JURISDICTION

17) Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1343(3); 29 U.S.C. § 794; 42 U.S.C. § 2000a-6; 42 U.S.C. § 1983 and 42 U.S.C. § 12131 *et seq*.

18) Jurisdiction of this Court for the state claims in authorized by F.R.Civ.P. 18(a).

## FACTUAL ALLEGATIONS

19) The Plaintiff hereby incorporates by reference all averments contained in paragraphs 1-18 as if restated fully herein.

20) That Plaintiff Matthew Carneyhan has been a resident of Cadiz, Kentucky and has been lawfully and rightfully enrolled in the Trigg County Public School District during the 2017-2018 school years as well as the school years prior.

21) That Plaintiff Matthew Carneyhan was a senior at Trigg County High School and graduated from said high school in May, 2018.

22) That Plaintiff Matthew Carneyhan has been diagnosed with Attention Deficit Hyperactivity Disorder since a very young age requiring treatment by medication.

23) That during the time of attendance at Trigg County High School, Plaintiff Matthew Carneyhan suffered a severe back injury requiring two major back surgeries and medication management for pain.

24) That Plaintiff Matthew Carneyhan suffered multiple head concussions while playing sports for the Trigg County Public Schools.

25) That Plaintiff Matthew Carneyhan is a person with a disability, however the Trigg County School District failed to provide him with a free appropriate public education.

26) That on or about January 27, 2018, while attending a school dance supervised by only three staff members (none of which were school administrators) of the Trigg County School District, and wherein 20 or more students were suspected of being under the influence of alcohol or other drugs, Plaintiff Matthew Carneyhan was directed by a police officer from the Cadiz Police Department to submit to a field sobriety test.

27) That Plaintiff Matthew Carneyhan allegedly failed the field sobriety test and was given a citation by the Cadiz Police Department.

28) That Plaintiff Matthew Carneyhan denied the use of alcohol or drugs and explained that medications prescribed for one of his disabilities may alter his ability to pass a field sobriety test.

29) That Plaintiff Matthew Carneyhan has never been convicted of being under the influence of alcohol or other drugs and no alcohol or drugs were found on his person.

30) That on or about February 21, 2018, the Trigg County Board of Education, without the Plaintiffs being present for the hearing, expelled the Plaintiff from the Trigg County Schools.

31) That the Defendants had insufficient evidence to support such an extreme consequence as expulsion from school.

32) That the investigation surrounding the alleged alcohol intoxication by the

Plaintiff was biased, one-sided, incomplete and failed to provide the Plaintiff with appropriate due process afforded to him under the law.

33) That as a person with a disability, Plaintiff Matthew Carneyhan was entitled to additional due process protections but none were afforded to him.

34) That as parents of a student with a disability Plaintiffs William and Mindullian Carneyhan were entitled to procedural due process protections, but none were afforded to them.

35) That there were only two students who were expelled from school as a result of the incident, one being the Plaintiff Matthew Carneyhan, and both of whom were students with disabilities, despite the fact that more than 20 students were identified as being under the influence of alcohol or other drugs.

36) That as a person with a disability, Plaintiff Matthew Carneyhan has a right to be free from discrimination based upon his disabilities.

37) That the Plaintiff has been denied his right to a free appropriate public education for the entire time he attended Trigg County Public School District.

38) That the expulsion and the denial of an appropriate education has and will continue to hinder the Plaintiff's ability to seek employment and post-secondary educational opportunities and has caused him and his parents extreme emotional distress.

39) That the Plaintiff has exhausted his administrative remedies by filing a due process hearing request, pursuant to 42 USC § 1215 on May 3, 2018. Such due process action was resolved pursuant to 42 USC § 1215 on May 10, 2018.

**COUNT I: DEPRIVATION OF PROPERTY AND EQUAL PROTECTION**

**WITHOUT DUE PROCESS IN VIOLATION OF THE U.S. CONSTITUTION FOURTEENTH AMENDMENT; 42 U.S.C. § 1983**

40) The Plaintiffs incorporate by reference the above paragraphs 1-39 as if restated fully herein.

41) At all relevant times, all Defendants, each of whom were acting as employees and agents or servants of Trigg County Public School District and under the laws of the Commonwealth of Kentucky.

42) All Defendants deprived the Plaintiffs of their right to property without due process.

43) All Defendants deprived the Plaintiffs equal protection under the law.

44) As a result of such violations, the Plaintiffs have suffered emotional and financial harm.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 794; KRS 344.070**

45) The Plaintiffs incorporate by reference the above paragraphs 1-44 as if restated fully herein.

46) Defendant Trigg County Public Schools is a “program or activity” as defined in 29 U.S.C. § 794.

47) Defendants acting in bad faith and intentionally excluded the Plaintiff Matthew Carneyhan from participating as a student at Trigg County High School, denied the Plaintiff the benefits of his education at Trigg County High

School and discriminated against the Plaintiff, with deliberate indifference and solely because of his disability.

48) Defendant Trigg County Public Schools policies and procedures had a disparate impact on students with disabilities, including the Plaintiff Matthew Carneyhan, as compared to students without disabilities.

49) As a result of the Defendant's conduct, the Plaintiffs have suffered emotional and financial harm.

**COUNT III: FAILURE TO PROVIDE A FREE APPROPRIATE PUBLIC EDUCATION IN VIOLATION OF 29 U.S.C.§ 794**

50) The Plaintiffs incorporate by reference the above paragraphs 1-49 as if restated fully herein.

51) Plaintiff Matthew Carneyhan, as a person with a disability, was entitled to a free appropriate public education.

52) Plaintiffs William and Mindullian Carneyhan, as parents of a student with a disability, were entitled to certain procedural safeguards.

53) The Defendants failed to provide Plaintiff Matthew Carneyhan a free appropriate public education.

54) The Defendants failed to provide Plaintiffs William and Mindullian Carneyhan with their procedural safeguards.

55) As a result of the Defendants' failures, the Plaintiffs have suffered financial, educational and emotional harm.

**COUNT IV: DISABILITY BASED DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 12131 et seq. AND K.R.S. CHAPTER 344 et seq.**

56) The Plaintiff incorporates by reference the above paragraphs 1-55 as if restated fully herein.

57) The Defendant Trigg County Public Schools is required to avoid unnecessary policies, practices or criteria or methods of administration that have the effect or tendency of excluding or discriminating against persons with disabilities.

58) The Defendants, and acting in bad faith and with deliberate indifference, discriminated against the Plaintiff because of his disability and excluded him from participation in his education because of his disability.

59) This discrimination has caused the Plaintiff emotional, educational and financial harm.

**COUNT V: VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 2000d et seq.; K.R.S .§ 344 et seq.**

60) The Plaintiffs incorporates by reference the above paragraphs 1-59 as if restated fully herein.

61) Defendant Trigg County Public Schools is an entity funded, in part, by funds of the federal government.

62) The Defendants, acting in bad faith and with deliberate indifference to the rights of the Plaintiff Matthew Carneyhan and to his parents, Plaintiffs William and Mindullian Carneyhan, intentionally excluded the Plaintiffs from the full equal access to public education and the procedural safeguards afforded to them.

63) As a result of the Defendants' conduct, the Plaintiffs have suffered financial, educational and emotional harm.

**RELIEF SOUGHT**

WHEREFORE, the Plaintiffs pray this honorable Court grant him the following relief:

1. A trial by jury of all issues triable by a jury;
2. Damages under 42 U.S.C. § 1983 for the injuries set forth above for violation of his constitutional, due process and statutory rights under color of law;
3. A declaration that the Defendants' actions and inactions described herein violated the Plaintiffs' rights under the U.S. Constitution, the Vocational Rehabilitation Act, Americans with Disabilities Act and Kentucky Revised Statutes;
4. Issue an Order requiring the Defendant Trigg County Public Schools to clear the Plaintiff Matthew Carneyhan's educational transcript of the expulsion;
5. Award the Plaintiffs compensatory damages;
6. Award the Plaintiffs the value of their emotional distress and pain and suffering;
7. Attorney fees and costs herein expended; and
8. For all other relief to which the Plaintiffs may appear entitled.

Respectfully submitted,

/s/ Marianne S. Chevalier
Marianne S. Chevalier (#90076)
Chevalier & Kruer, P.S.C.
2216 Dixie Highway, #202
Ft. Mitchell, Kentucky 41017
Phone: 859-581-3030
Fax: 859-581-5444
mchevalier@lawcg.com
Attorney for Plaintiffs