UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-00029-TBR

MATTHEW CARNEYHAN, et al.                                              PLAINTIFFS

v.

TRIGG COUNTY PUBLIC SCHOOLS, et al.                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendants' Motion for Summary Judgment. [DN 5.] Plaintiff's have responded [DN 6], and Defendants have replied. [DN 7.] As such, this matter is ripe for adjudication. For the reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED.**

### I. Background

January 27, 2019 Matthew Carneyhan attended a school dance where he was administered a field sobriety test by an officer employed by the Cadiz Police Department. Matthew was issued a citation by that officer. Following this incident, Matthew was expelled by the Trigg County Board of Education from Trigg County Schools on February 19, 2018.

Matthew and his parents filed a request for an expedited hearing with the Kentucky Department of Education pursuant to 34 C.F.R. § 300.532(c)(2) ("Administrative action"). Prior to resolution of this request Matthew filed a civil action in Trigg Circuit Court ("Circuit Court action"). Matthew's parents, and the Board of Education of Trigg County settled both pending actions on May 10, 2018. The settlement states, in relevant part:

> 3. In consideration of the following items listed in paragraphs a-d, the Claimants waive, release, and hereby dismiss all claims against the Board and any present or

1

former employees of the Board arising out of the Complaints and further acknowledge that they have not filed any currently pending additional lawsuits or claims with any administrative agency other than the Complaints.

Following the settlement both the Administrative and Circuit Court actions were dismissed with prejudice on May 18, 2018 and May 17, 2018 respectively. Plaintiffs subsequently filed the present action before this Court on February 19, 2019.

## II. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonable find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence…of a genuine dispute…" Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment, "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of

material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

### III. Discussion

**A. Claims Asserted in the Complaint are Barred as Settled and Released.**

Defendants assert that Plaintiffs' claims in the present case are barred because they are claims "arising out of the Complaints" previously settled. In response, Plaintiffs state that the claims in the present action could not have been brought during in the Administrative action. Plaintiffs further state that the Circuit Court action did not present arguments of discrimination, which are alleged here. Plaintiffs do not address the language of the release in their response. The Court must determine whether the claims in the present action "arise out of the Complaints".

In the Administrative action, Plaintiffs alleged Defendants failed to identify Matthew as a student with a disability and failed to provide Matthew with the proper procedural safeguards under 707 KAR 1:340 § 13 and § 14. 707 KAR 1:340 § 13 and § 14 describe the process a school must undergo when deciding to remove a child with a disability from school. To support the relief Plaintiffs sought, they alleged Defendants expelled Matthew despite their knowledge he had a disability.

In the Circuit Court action, Plaintiffs claimed that "the expulsion of the Plaintiff by the Defendants was malicious and arbitrary, lacked sufficient basis and failed to provide him with proper procedural safeguards afforded to him under the law." [DN 5-4 at 7.] That action also alleged a violation of Matthew's right to a public education. The basis of this action is Matthew's expulsion after the failed field sobriety test.

Plaintiffs, in the present action, have alleged Defendants discriminated against Matthew, and violated the due process rights of Matthew and his parents when Defendants expelled him. In support of their position, Defendants argue *Wisecup v. Aichi Forge USA, Inc.,* 2018 U.S. Dist. LEXIS 59039 (E.D. Ky. 2018) is instructive.

In *Wisecup,* Plaintiff filed a Charge of Discrimination with the Kentucky Commission on Human Rights which was subsequently settled. 2018 U.S. Dist. LEXIS 59039 *2 (E.D. Ky. 2018). Plaintiff later filed a workers' compensation claim and took leave under the FMLA. *Id.* Plaintiff and Defendant reached a settlement of that claim. *Id.* In relevant part, the agreement stated:

> In exchange for this consideration, the plaintiff agrees to waive and release the defendant/employer from any and all claims for liability arising out of the October 4, 2013 work injury. The plaintiff's waiver and release includes, but is not limited to, claims for additional income/indemnity benefits, vocational rehabilitation benefits, additional medical benefits for any and all treatment, and the right to reopen. Plaintiff waives all claims, known or otherwise.

*Id.* After the settlement, Plaintiff filed a complaint alleging retaliation for filing a complaint with the Kentucky Commission on Human Rights, using FMLA time, and for filing the workers' compensation claim. *Id.* at 3. The Court held that Plaintiff's claim for FMLA retaliation was barred due to the settlement. *Id.* at 8. The Court further stated, "[a]rising out of has been interpreted to include all claims…predicated on the subject of that phrase and is equivalent to originating from, growing out of, flowing from, or done in connection with." *Id.* (internal quotations omitted). Plaintiff's FMLA retaliation claim flowed from the work injury because "had Plaintiff not been injured in October 2013, she would have had no grounds whatsoever for the claim of retaliation.'" *Id.*

Here, the Court finds that the present claims arise from the subject matter of the two prior Complaints. As previously stated, the Administrative action and the Circuit Court action both

originated from Defendants expelling Matthew after the positive sobriety test and not identifying Matthew as a student with a disability. In the present action, Plaintiffs do not allege any facts outside of those previously alleged. Plaintiffs do allege a different legal basis for relief. However, the different legal basis for the complaint does not negate Plaintiffs "[waiving], [releasing], and hereby [dismissing] all claims…arising out of the Complaints."

The Court recognizes, as Plaintiffs stated, that the claims of discrimination could not have been asserted in the Administrative action due to the jurisdiction of the Individuals with Disabilities Education Act (IDEA). That does not void the language of the release agreed to by Plaintiffs. Therefore, Plaintiffs' claims are released and must be dismissed.

**B. The Plaintiffs' Claims are Barred by *Res Judicata.***

Defendants also assert that Plaintiffs' claims are barred by *res judicata.* In response, Plaintiffs state that Congress intended for *res judicata* not to apply when asserting claims under the IDEA. The Court disagrees with Plaintiffs.

20 U.S.C. § 1415(i)(2)(A) states, in relevant part:

> Any party aggrieved by the findings and decision made…who does not have the right to an appeal…and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section

Plaintiffs are correct in stating that Congress did intend to allow a party to bring a subsequent civil action on the same subject matter as the IDEA administrative action. However, Plaintiffs are not correct in arguing *res judicata* does not apply.

20 U.S.C. § 1415(l) states:

> Nothing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of

> 1990, title V of the Rehabilitation Act of 1973, or other Federal law protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part.

As stated above, it is clear that Congress did intend to allow individuals to bring a subsequent civil action. However, this does state an intent by Congress to rid *res judicata* of all applicability in all circumstances. This Court finds that *res judicata* principles would still apply to any action filed after the permitted civil action was filed and decided. Now this Court must determine whether *res judicata* applies in the present case.

When determining whether *res judicata* applies, the Court "[looks] to the state's law to assess the preclusive effect it would attach to that judgment." *Anderson v. City of Blue Ash,* 798 F.3d 338, 350 (6th Cir. 2015). *Res judicata* "prohibits the relitigation of claims that were litigate or could have been litigated between the same parties in a prior action." *Miller v. Admin. Office of Courts,* 361 S.W.3d 857, 871 (Ky. 2011). For *res judicata* to apply: "(1) there must be an identity of parties between the two actions; (2) there must be an identity of the two causes of action; and (3) the prior action must have been decided on the merits." *Id.*

1. **Identity of the parties**

The parties in the present case are identical to the parties in both the Administrative action and the Circuit Court action. The Circuit Court action was brought by "M.C, a minor child, through his next friend and parents, William and Mindullian Carneyhan". [DN 5-4 at 1.] William and Mindullian were not named as parties in the Circuit Court action. However, they had a "full and fair opportunity to litigate the claims". *Taylor v. Sturgell,* 553 U.S. 880, 892-893 (2008). The Court finds that the parties are identical.

### 2. Identity of the causes of action

The Court also finds that there is an identity of the causes of action. The Kentucky Supreme Court in *Yeoman v. Commonwealth Health Policy Bd.,* 938 S.W.2d 459, 465 (Ky. 1998) held that "[t]he key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts. If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or **could have been brought** in support of the cause of action." (emphasis added). This Court agrees with Defendants that the present matter arises from the same nucleus of facts that supported both the Administrative action and the Circuit Court action. There is no argument that the matter in this case could have been brought in the Administrative action. However, Defendants argue, and the Court agrees, that Plaintiffs could have brought this claim in the Circuit Court action. Although the legal theory Plaintiffs are arguing in this case is different from the legal theory in the Circuit Court action, the facts are the same.

### 3. Decided on the merits

"[A] dismissal with prejudice…is a res judicata bar to a subsequent action." *McMillion v. Garrett,* 1984 Ky. App. LEXIS 509 at *9 (Ky. App. 1984). Both the Administrative action and the Circuit Court action were dismissed with prejudice. Therefore, both actions were decided on the merits.

The Court finds that all elements of *res judicata* are met and the Complaint must be dismissed.

## IV. Conclusion

The Court finds that Plaintiff may not bring this claim due to the language in the agreed settlement and it is barred by *res judicata*. For the above state reasons, **IT IS HEREBY ORDERED** that:

1.) Defendants' Motion for Summary Judgment [DN 5] is **GRANTED**;

2.) Plaintiffs' action is **DISMISSED WITH PREJUDICE.**

A judgment will follow.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge
United States District Court**

November 26, 2019

cc: counsel